IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAWN PROCHASKA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1] and OFFICE OF GENERAL COUNSEL SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants. | 4:18CV3060<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion for attorney fees and costs under Equal Access to Justice Act, 28 U.S.C. § 2412(d), Filing No. 16.

I. LAW

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A)-(2)(B); *United States Sec. and Exch. Comm'n v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which is to "'eliminate for the average person the financial disincentive to challenge unreasonable governmental actions.'" *Astrue v. Ratliff*, 560 U.S. 586, 599

---

[1] The Court has been notified that Andrew M. Saul was sworn in as the commissioner of the Social Security Administration. *See* Filing No. 18, Motion to substitute. Federal Rule of Civil Procedure 25(d) authorizes substitution in these circumstances. Accordingly, the Defendant's motion to substitute a party will be granted. Andrew M. Saul, Commissioner of the Social Security Administration, will be substituted for Nancy A. Berryhill, Acting Commissioner, as defendant in this case. The Clerk of Court will be directed to conform the docket accordingly.

1

(2010) (Sotomayor, J., concurring) (quoting *Commissioner v. Jean*, 496 U.S. 154, 163 1990)).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

A cost of living increase is specifically mentioned in the EAJA as a factor that justifies a fee greater than $125.00 per hour. 28 U.S.C.A. § 2412 (d)(2)(A)(ii). Where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir.1990); *see* 28 U.S.C. § 2412(d)(2)(A)(ii).

The plaintiff herself, and not her attorney, is the "prevailing party" contemplated by the EAJA. See *Ratliff*, 560 U.S. at 594. However, if the United States Treasury Department determines that Plaintiff owes no debt that is subject to offset, the government may accept the assignment of EAJA fees and pay such fees directly to the plaintiff's attorney. *Id.* at 597-98. Lower courts, including those in this district, have continued to order payment of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the Federal Government, where a valid assignment of the award of attorney's fees from the plaintiff to plaintiff's counsel is in effect. See *Matthews–*

*Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), *overruled on other grounds by Sprinkle v. Colvin*, 777 F.3d 421, 427-28 (7th Cir. 2015); *Shenk v. Berryhill*, No. 8:17CV279, 2019 WL 2191792, at *3 (D. Neb. May 21, 2019).

II. DISCUSSION

In support of her motion, the plaintiff has shown that according to the Consumer Price Index ("CPI") for this region as reported by the Bureau of Labor Statistics, there has been an increase in the cost of living from March 29, 1996—when the statutory attorney fee under the EAJA was set at $125.00 per hour—to the present that would increase the fee to $203.00 per hour for attorney services and to $100.00 per hour for paralegal services. Filing No. 17-1, Edward A. Wicklund Affirmation at 2. The plaintiff has also presented evidence that her attorneys expended 21.6 hours on the litigation and paralegals expended 8.4 hours, for a total requested fee of $5,237.33. Filing No. 17-2, Ex. B, all professional time ledger; Filing No. 17-3, Ex. C, attorney time ledger; Filing No. 17-4, Ex. D, paralegal time ledger. The plaintiff's attorney has also incurred $463.40 in expenses and costs. Filing No. 17-5, Ex. E, expense ledger; Filing No. 17-6, Ex. F, costs ledger.

Also, the plaintiff has agreed to waive direct payment of the EAJA fees and to assign the fees to her attorney.[2] Filing No. 17-7, Ex. G, Dawn Prochaska Affirmation and Waiver of Direct Payment of Fees. In addition, she has shown her net worth is less than 2,000,000. *Id.* The government has not filed any opposition to the motion.

---

[2] Prochaska acknowledges that her attorney may seek fees that will be paid from her back benefits. The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. Gisbrecht v. barnhart, 535 U.S. 789, 796 (2002). "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

3

The Court finds the plaintiff has satisfied the prerequisites for an award of allowable fees under the EAJA and her motion should be granted. The Court first finds that the plaintiff is a "prevailing party" within the meaning of the EAJA. The defendant has not shown that its position was "substantially justified" and there are no special circumstances that make an award of fees unjust. Further, the Court finds counsel's devotion of 30 hours of work to this case was reasonable and hourly rates of $100 per hour for paralegal time and $203 per hour for attorney time, which is supported by uncontested proof of increases in the cost of living, is a reasonable fee for work of this nature in this community. The government has not opposed the motion and there are no special circumstances in this case that make an award under the EAJA unjust.

The Court finds that the award of attorney fees should be paid directly to the plaintiff's counsel. There is no suggestion of pre-litigation debts owed by the plaintiff to the federal government whose collection would be unfairly circumvented by paying the fees directly to the plaintiff's attorney. In light of the assignment, $5,700.73, subject to any legitimate offset, shall be paid directly to plaintiff's counsel.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion for attorney fees under EAJA (Filing No. 16) is granted.

2. The plaintiff is awarded $5,237.33 in attorney's fees and $463.40 costs and expenses under the EAJA.

3. Attorney fees and costs and expenses in the amount of $5,700.73 under the EAJA, subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States, shall be paid to plaintiff's attorney, Edward A. Wicklund.

4. The defendant's motion to substitute (Filing No. 18) is granted.

5. Andrew M. Saul, Commissioner of the Social Security Administration, is hereby substituted for Nancy A. Berryhill as defendant in this case; the Clerk of Court is directed to conform the docket accordingly.

6. A judgment in accordance with this Memorandum and Order shall issue this date.

Dated this 9th day of September, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge